420 P.2d 158 (1966)
Victor Lowell LUNG, Plaintiff in Error,
v.
The STATE of Oklahoma, Defendant in Error.
No. A-13894.
Court of Criminal Appeals of Oklahoma.
November 9, 1966.
Luttrell, Luttrell & Pendarvis, Norman, for plaintiff in error.
Charles Nesbitt, Atty. Gen., Jeff Hartman, Asst. Atty. Gen., for defendant in error.
*159 NIX, Judge.
Victor Lowell Lung, hereinafter referred to as defendant, was charged by information in the District Court of Cleveland County with the crime of Unauthorized Use of a Motor Vehicle. He was tried before a jury, found guilty, and sentenced to Three Years in the penitentiary. The defendant appealed to this court out of time, but was allowed to file under the Post-Conviction Appeal statute. He alleges two assignments of error.
The record reveals, in substance, that John Fogle lived in Norman, Oklahoma, and returned to his residence from work at approximately 8:30 p.m. on July 30, 1965. He parked his car in front of his home, went in, and after dressing went outside to find his car missing. He reported this to the police. He testified he had given no one permission to use said car, including the defendant. Later that evening, at approximately 11:30, the defendant walked into the police station in Oklahoma City and approached an officer on duty and said, "I have stolen a car". He further stated the car was parked next to the police station. The car was observed and found to be the same vehicle taken from Mr. Fogle's home.
The defendant was then interrogated relative to the incident by two Oklahoma City police officers.
Though defendant was charged with the crime of "Unauthorized Use of A Motor Vehicle"; during the course of the trial, the prosecuting attorney referred to the car as "stolen". Also, several state witnesses referred to the car as "stolen". At one point the county attorney was admonished by the trial judge as follows:
"BY THE COURT: I don't recall there being in evidence a stolen vehicle, *160 would counsel approach the bench, maybe you can refresh my recollection. Ladies and gentlemen of the jury, you are admonished that this is not a car theft case, as such. This is not a Larceny of an Automobile case, and when counsel uses the word stolen, it's inadvertence on his part and he won't do that any more. You may proceed." (Emphasis supplied)
However, the term "stolen" was used several times thereafter in making reference to the car in question.
Defendant now contends that the continued use of the word "stolen" throughout the trial was prejudicial to him, and constitutes reversible error.
It is to be observed that not a single objection was offered by defense counsel to the usage of the word "stolen". This Court has consistently held that in order to preserve a question of law, the attorney must present objections and give the trial court an opportunity to pass upon the admissibility of evidence. In Hampton v. State, Okl.Cr., 407 P.2d 210, this Court said in the first syllabus:
"It is the duty of counsel to raise, at proper time and in proper manner, all objections to the proceedings and save proper exceptions. When this is not done, they are treated as waived, and there are few exceptions to this rule."
This precludes attorney's from "laying behind the log", and raising a question for the first time in this Court without first bringing it to the attention of the trial judge.
The record reflects that the term "stolen" was likewise used by the defendant. An examination of his testimony reveals that he testified as follows:
"Q. Did you go to the Police Station?
A. Yes, sir, I did.
Q. And, did you turn the car in?
A. Yes sir, I did.
Q. And, did you talk then with the officers?
A. Yes sir, I did.
Q. What did you tell them?
A. Well, I told them that I had stolen the car.
Q. Had you in truth and fact, stolen the car? (Emp. ours)
A. No sir, I had not.
Q. Why did you turn yourself in and tell them?
A. Well, I wanted to get back out to the hospital out here.
Q. What hospital are you talking about?
A. The Central State Hospital."
This Court stated in Williams v. State, Okl.Cr., 373 P.2d 85:
"The rule is well settled that, ordinarily, a party may not complain of an error which he himself has invited, or which he has waived, either expressly or impliedly. This rule clearly applies to a case where one party resorts to incompetent evidence without objections, and where the opposite party relies with evidence of the same character. In such case, both are at fault and neither can complain in this court of the admission or exclusion of the evidence by the court below."
Since there were no objections to the term "stolen" made, and no exceptions taken; and since the term was used freely by both the state and defendant, and since the trial court admonished the jury as to the usage of said term; it is the opinion of this Court that error was not committed.
The defendant next contends his constitutional rights were violated by the admission of the statement given to the Oklahoma City Policemen, over the objection of defense counsel.
Defendant's contention is that he was interrogated by said police, without being advised of his constitutional rights as set forth by recent decisions of the Supreme Court of the United States in the cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; also, Miranda v. State of Arizona, 384 U.S. 436, 86 *161 S.Ct. 1602, 16 L.Ed.2d 694, 726. These and other cases considered recently by the United States Supreme Court established rules to govern the admissibility of confessions. The nature of the rule, was in substance:
"Accordingly, we hold that an individual held for interrogation must be clearly informed that he has a right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today. As with the warning of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right."
In the instant case, the evidence does not bring it within the scope of this rule. Defendant herein walked into the police station of Oklahoma City and volunteered the statement that he had stolen a car. Two officers were called to investigate his statement. He voluntarily took them outside and showed them where the car was parked. The officers called the Norman Police Department to verify defendant's statement. They replied that they did have a report on the car being stolen, and requested the car be impounded and held. Defendant was booked into the county jail.
Officer Gregory of the Oklahoma City police testified as follows:
"Q. Did you or your partner or any other officer in your presence have a conversation with the defendant relative to whether or not he had to talk to you?
A. Yes sir.
BY MR. PANDARVIS:
Your Honor, to which the defendant would object as being repetitious.
BY THE COURT:
Overruled. I believe you have answered in the affirmative, is that right?
A. Yes.
BY THE COURT: Very well. You may proceed.
BY MR. TRIMBLE:
Q. And who told this to the defendant?
A. I did, sir.
Q. And, what did you tell him?
A. I told him, after he gave me his name and his age, he told me at that time, well, strike that part of it, but I advised him that he didn't have to give any voluntary statements to me without the legal counsel of an attorney and this is done as I explained, Mr. Lung, because we can testify in court as to what he relates to us.
Q. Now, Officer, prior to that time, did he make some statements to you?
A. Yes sir, He did.
Q. And, was it relative  what was the statement prior to the time you told him this, what were they relative to?
A. Prior to that time, after I asked him his name and he told me, I asked him what he wanted to talk to me about and he said, "I took a car at Norman, Oklahoma and drove it to Oklahoma City," and I asked him where the car was at  (interrupted)
BY MR. PENDARVIS: Your Honor, to which this defendant objects as not being responsive to the question, here again this statement relating to any part of the conversation, at this time we will object as proper predicate not being laid.
BY THE COURT: Overruled. Exceptions allowed.

*162 BY MR. TRIMBLE:
Q. Did he state to you concerning this automobile  make a statement to you concerning this automobile?
A. Yes sir.
Q. And, then you told him that he didn't have to talk to you about it?
A. That's correct.
Q. And then what happened? Did he make a further statement to you?
A. Yes.
Q. What did he  what was the statement following the time that you told him that he didn't have to talk to you?
A. Well, he told me that he had taken this car at Norman, Oklahoma and droven it to the City.
Q. What else, relate all of the conversation that you had with him.
A. Well, I asked Mr. Lung what car he was talking about and he said he was talking about a '59 Ford four-door, white and turquoise color, parked on the north side of the Police Station. And, to verify this he said it was a stolen car, so I went out to the north side of the Police Station and wrote down the tag number and the description of the car and returned back into headquarters. And, called the Norman Police Department and they said it was on their stolen list. And, Mr. Lung stated that he had stolen it here in Norman."
In Miranda v. State of Arizona, supra, the court said:
"In dealing with statements obtained through interrogations, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." (Emphasis ours)
In the case of People v. Dorado, 62 Cal.2d 398, 42 Cal. Rptr. 169, 398 P.2d 361, 371, commented on the matter in applying the doctrine of the case of Escobedo, supra, wherein the court stated:
"Indeed, any statements obtained without coercion, including, of course, the unsolicited, spontaneous confession, given in the absence of the requirements of the accusatory stage, may be admitted into evidence. The confession given in the following hypothetical situation put by the Attorney General is obviously admissible: `what about the person who is not known as a suspect but wants to confess to an unsolved crime? * * * Shall the police stop him when he rushes into a police station and cries in distress that he wants to confess to a crime, and tell him to be quiet * * *.'"
It is quite evident that defendant's statements were voluntary and made before he had reached the accusatory stage. The only interrogation conducted was to verify defendant's voluntary statements and after he had been advised as stated by Officer Gregory.
For the above and foregoing reason and in line with authorities cited, the case is affirmed.
BUSSEY, P.J., and BRETT, J., concur.