**Louis JONES, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–17265.**

Court of Criminal Appeals of Oklahoma.
June 7, 1972.

Louis Jones, pro se.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

Louis Jones, hereinafter referred to as petitioner, entered a plea of guilty in the District Court of Kay County, Oklahoma, in 1945 to the offense of Rape in the First Degree; his punishment was fixed at life imprisonment, and from a denial of post-conviction relief in the District Court of Kay County, a timely appeal from said denial has been perfected to this Court.

At the post-conviction hearing, the petitioner, who was represented by counsel, asserted that the judgment and sentence should be declared illegal, null and void for the reason that the plea of guilty was not voluntary nor of his own free choice. The trial court, after being advised in the premises, made the following Order:

"This cause coming on for hearing upon the Application of Louis Jones, for Post-Conviction Relief. The State of Oklahoma appears by the Assistant District Attorney, Mr. Donald C. Welch, and the applicant herein appears by his Court appointed attorney, Mr. Leslie Page.

"*Defendant complains* that he was deprived of due process and equal protection of the law under the statutes of the State of Oklahoma and the United States in that *he was coerced into pleading guilty of first degree rape* and that there were threats on the part of the prosecution and the sheriff. *The Application for Post-Conviction Relief contains no allegations as to the nature of the alleged threat. However, in his Motion to Vacate and Set Aside the Judgment and Conviction of Sentence on page three under the heading Memorandum of Law, Proposition 1, he alleges that the plea of guilty entered by the applicant was not of a free choice, but was coerced and induced by the prosecution on a threat of seeking and obtaining the death penalty if petitioner demanded a trial by jury* and alleged that intimidating statements were made by the sheriff that he feared applicant would be lynched. Applicant further alleged that a statement was made by the prosecution that if applicant demanded his right to a trial by jury, the State would seek the death penalty and with the mood of the people as it was, he would receive the death penalty, but that if the petitioner would enter a plea of guilty, the judge would allow him to live by giving him a life sentence. He further alleged that the applicant's best bet would be to do as the prosecution advised 'because of the high prejudice status of the people of Kay County, he may be lynched', and that this is the reason, says the applicant, that the prosecution asked the Court to order him transferred to the state prison at McAlester for safe keeping. He further alleges that these statements by the prosecution and sheriff had the effect of coercing the petitioner to enter the plea of guilty and that therefore, it was not a free choice or a voluntary act.

"In evaluting [sic] the allegations in order to determine whether this Court should order an evidentiary hearing, the Court is treating the State's answer in the nature of a demurrer, which for the purpose of the demurrer or the answer the Court assumes the allegations to be true. In other words, if after an evidentiary hearing it should be proved that the prosecutor and/or sheriff made the statements applicant says they made, would the Court be justified in granting relief?

"The Court is of the opinion that a statement that applicant was taken to McAlester for safe keeping did not have the effect of coercing him to enter a plea of guilty, nor does the Court feel that notice to the applicant that the state would ask for the death penalty in the trial is coercion, for the reason that it is

a proper procedure for the state to seek to obtain the death penalty and such action is authorized by statute. *The Defendant was represented by an attorney who had been admitted to the bar approximately four and a half years,* the early part of which time had been spent in the Adjutant General's Division of the United States Army. *There is nothing in the allegations of the Application to indicate that he was not advised of his constitutional rights or that he did not voluntarily make the decision to enter a plea of guilty. The fact that there were some compelling reasons to make him consider a plea of guilty and take a life sentence rather than risk a possible death sentence,* which was a real *possibility, does not make his plea of guilty a coerced plea.*

"The Court finds that even if the statement allegedly made by the prosecution and the sheriff were made, that those statements thereselves standing alone do not justify the Court in granting relief in this case, and *therefore there appears to be no need to have an evidentiary hearing.*

"IT IS THEREFORE, BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED, that the Application for Post-Conviction Relief of Louis Jones should be, and hereby is, denied to which ruling and judgment of the Court the Defendant excepts and an exception is allowed.

"Dated this 11th day of January, 1972." (Emphasis added)

We concur with the findings of the trial court. In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the United States Supreme Court stated:

"We held in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), that a plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment. Jackson established no new test for determining the validity of guilty pleas. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 [279] (1969); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 [477]; Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 [1012] (1927). *That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.*" (Emphasis added)

The trial court's denial of post-conviction relief is affirmed and petitioner is advised that he has exhausted all of his state remedies.

Affirmed.