**Tom LUKER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–17376.**

Court of Criminal Appeals of Oklahoma.

Dec. 27, 1972.

Rehearing Denied Jan. 15, 1973.

Thomas G. Hanlon, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Tom Luker, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 71–1116, of possession of a narcotic drug, with punishment fixed at a fine of $1,000. Judgment and sentence was imposed on October 1, 1971, and this appeal perfected therefrom.

It was charged by information that on June 17, 1971, the defendant had in his possession and under his control a narcotic drug, codeine phosphate, in violation of the Uniform Controlled Dangerous Substances Act.

Essentially, the evidence established that a Tulsa County Deputy Sheriff, an assistant district attorney, and an investigator from the district attorney's office, went to the offices of the defendant at approximately 4:30 p. m. on July 17, 1971. Pursuant to a warrant, the officers searched the offices, known as the Luker Clinic, occupied jointly by the defendant and his brother who were chiropractic physicians. In the private office of the defendant the officers located a Girl Scout cookie box in a credenza three feet to the left of defendant's personal desk. Inside the cookie box was found several bottles of pills bearing a federal narcotic seal. Chemical analysis of the pills revealed that they contained codeine phosphate, which is a class A narcotic drug.

For the defense, Glenn Luker, brother of defendant, testified that he and defendant shared the suite of offices known as the Luker Clinic, where they shared in common a reception room, X-ray room, and treatment rooms. Glenn Luker testified that approximately a week to fifteen days before defendant's arrest, an individual appeared at the office with a package similar to that in which the pills were found. According to Glenn Luker this individual advised him that the package contained tablets which he desired that defendant would look over. Glenn Luker testified that he then took the package and placed it in the credenza located in the defendant's office. Glenn Luker was not sure whether he had remembered to tell the defendant about the package.

The defendant, Tom Luker, testified that he had never seen the package and had no knowledge of its presence or its contents.

It is defendant's first contention that the trial court erred in overruling defendant's motion to suppress, based on a claim that the affidavit in support of the search warrant was constitutionally insufficient. De-

fendant argues that the affidavit is insufficient because the informant had not been used previously, there was nothing to show that his information was accurate, and that the description of the premises to be searched was inadequate.

■ We find no merit to the defendant's contention that the affidavit was constitutionally insufficient to provide probable cause necessary to issue a search warrant. In substance the affidavit alleges that the affiant-officer was informed by an individual named James Sipes, that Sipes and others had burglarized a medical physician's office and had taken therefrom certain narcotic drugs. Sipes informed the affiant-officer that he had delivered some of these narcotic drugs to a particular office to a man identified to him as Dr. Luker. The cases relied upon by the defendant are primarily concerned with situations where a search warrant is sought pursuant to nothing more than an undisclosed informant's tip. The affidavit for search warrant in the instant case was not based on the tip of an undisclosed informant, but rather on the specified factual information given by a named and known informant. Thus, there is no problem as there was in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, where it is necessary that the affidavit set forth details to indicate that the undisclosed informant is reliable and his information credible.

Furthermore, we are of the opinion that the affidavit and the search warrant adequately described the premises to be searched.

It is defendant's second contention that the trial court erred in overruling defendant's demurrer to the evidence. Defendant argues that the evidence is insufficient to show that he had control over and knowledge of the narcotic drug. Defendant relies upon those cases which have held that where an accused does not have exclusive access, use, or possession of premises in which contraband is found, it may not be

inferred that the accused had knowledge of the presence of the contraband (and had knowledge of its presence) unless there are additional independent factors showing knowledge and control. Osburn v. State, Okl.Cr., 497 P.2d 471 (1972).

■ The facts in the instant case disclose that the narcotic drug was found in a package in a credenza three feet from the defendant's personal desk, located in his personal office. We are of the opinion that these facts, taken in their strongest light and if believed by the jury, would indicate sufficient exclusive access that it could reasonably be inferred that the defendant had knowledge of the presence of the package and its contents. This is not a situation as in Brown v. State, Okl.Cr., 481 P.2d 475 (1971), where several people, essentially transient occupants, had access to an unlocked apartment. In the instant case the jury chose not to believe defendant's story that he had no knowledge of the presence of the package. Accordingly, we find no merit to the defendant's contention that the trial court erred in overruling defendant's demurrer to the evidence.

It is defendant's third and final contention that the trial court erred in allowing evidence of other crimes, collateral to the issue at bar, to be admitted into evidence. Defendant argues that the prosecuting attorney's questioning of the deputy sheriff and the defendant, concerning the basis for the search warrant, indicated that the defendant might be involved in a burglary or other offenses collateral to the case at bar.

■ Defendant is, of course, correct that evidence of other crimes for which he is not on trial is inadmissible. However, in the instant case the defense attorney first opened the door to such collateral matters when he cross-examined the State's witnesses concerning the circumstances which led to the securing of a search warrant for the defendant's office. Thus, the defendant himself brought out the possible link between himself and another crime, that being the burglary in which narcotic drugs were stolen. The

rule is well settled that ordinarily a party may not complain of an error which he himself has invited, or which he has waived, either expressly or impliedly. Lung v. State, Okl.Cr., 420 P.2d 158 (1966). We find that the defense counsel invited reference to evidence indicating the defendant might be involved in another crime. Accordingly, he can not claim error in this regard on appeal.

Having considered defendant's contentions and finding them without merit, we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

BUSSEY, P. J., and BLISS, J., concur.