Alvin Leroy **FOWLER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17542.

Court of Criminal Appeals of Oklahoma.

March 6, 1973.

Howard, Rapp & Gaskill, Tulsa, for appellant.

Larry Derryberry, Atty Gen., Fred H. Anderson, Asst. Atty. Gen., Amy Hodgins, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge.

This is an appeal from the denial of Appellant's Post-Conviction application in the District Court of Washington County, Oklahoma, rendered on May 25, 1972. On June 17, 1969, Appellant entered a plea of guilty to the charge of Murder and was sentenced to life imprisonment. Appellant at all stages of the proceedings in the trial court was represented by court-appointed counsel. Appellant was also represented by counsel during the Post-Conviction proceedings and this appeal resulted from the trial court's denial of said application summarily upon the State's motion for summary disposition.

The transcript of the proceedings made when Appellant's guilty plea was entered, and the order of the trial court summarily denying Post-Conviction relief are made a part of the record before this Court for the purpose of this appeal. The trial court in its Order denying said relief makes a specific finding of fact and conclusion of law that Appellant's application for Post-Conviction relief does not state facts sufficient to constitute a cause of action in favor of Appellant and further finds that there was no genuine issue of material fact upon which an evidentiary hearing should be held.

Appellant, in his first proposition, argues that the trial court erred in denying relief since the transcript of said proceedings reflected that Appellant was mentally unstable at the time of the plea and that he was not advised by the trial court of his privilege against compulsory self-incrimination and his right to confront his accusers. However, a reading of said transcript reflects that Appellant had undergone psychiatric examination at the State Hospital in Vinita for a period of not more than ninety (90) days. The opinion of the staff of said hospital was that Appellant was not psychotic at that time, that he was able to distinguish between right and wrong and that they felt that he would be able to adequately assist legal counsel on his own behalf. The transcript further reflects that counsel for Appellant took it upon himself to have Appellant examined by psychiatrists and psychologists and that their reports reflected that although Appellant was mentally disturbed, he knew the difference between right and wrong and was legally competent to stand trial. This Court, therefore, feels that Appellant's contention concerning his mental unstableness at the time of entering his plea is without merit.

In the recent case of Tipton v. State, Okl.Cr., 498 P.2d 429, this Court held as follows, to-wit:

"Upon reviewing the record we find that the defendant, while represented by counsel, understandingly and voluntarily entered a plea of guilty, fully realizing the significance and consequences of his action. The court expressly advised defendant of many of his rights, including the right to trial by jury. Although the trial judge did not expressly mention defendant's privilege against self-incrimination and right of confrontation we are of the opinion that his voluntary and intelligent guilty plea constitutes a waiver of these rights."

A reading of the transcript reflects that the trial judge in the instant case advised Appellant that should he enter a plea of not guilty then the State must prove Appellant's guilt beyond a reasonable doubt to the satisfaction of a jury and that Appellant was entitled to a jury trial. The trial court further advised Appellant that should he enter a plea of guilty the trial court must fix punishment and that said punishment was either life imprisonment or death in the electric chair. This Court, therefore, holds that the portion of Appellant's first proposition concerning the trial court's failure to advise him of his privilege against self-incrimination and his right to confront his accusers is also without merit.

Appellant's second proposition of error urges that the trial court erred in de-

nying Appellant's application for Post-Conviction relief without an evidentiary hearing when the record of the proceedings at the time of Appellant's purported guilty plea clearly established that Appellant, through his attorney, advised the trial court that he had acted in self-defense when he killed the deceased and that said issue should have been presented to a jury. An examination of the transcript reflects that the trial court inquired of the District Attorney concerning said fact. The District Attorney advised that when the body was found, it was very close to a shotgun. However, the shotgun was tucked away behind a stair rail. Counsel for Appellant advised the judge that Appellant had told him that "he shot in self-defense." However, counsel for Appellant did not press the issue, and it is this Court's opinion that the issue of self-defense was raised by Appellant's counsel for the sole purpose of prevailing upon the trial court to sentence Appellant to life imprisonment.

■ Self-defense in a homicide case is an affirmative defense. It is raised by the defendant in his case in chief, unless it is apparent from the State's case that the homicide was justifiable and therefore subject to a demurrer to the evidence. In the instant case we do not believe this to be a possibility.

In the recent case of Jones v. State, Okl. Cr., 498 P.2d 410, this Court cited North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, and quoting therefrom, held as follows:

" ' . . . a plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment. . . . The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. . . . *That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.'* (Emphasis added.)"

This Court, therefore, holds that Appellant, being represented by competent counsel, elected not to pursue the issue of self-defense and that, therefore, the trial court did not err in denying Appellant's application without an evidentiary hearing.

■ Appellant's final assignment of error urges that Appellant's plea of guilty was not knowingly, intelligently and voluntarily entered. The Court holds this contention to be without merit. Jones v. State, *supra*, and North Carolina v. Alford, *supra*. The Appellant at the time that he entered his plea of guilty was represented by competent counsel, he was found to be legally sane, he in no way pursued his right to a jury trial upon the issue of self-defense, he was adequately advised of his constitutional rights and the limits of punishment by the trial court, and Appellant knowingly, intelligently and voluntarily entered a plea of guilty.

The trial court's denial of Post-Conviction relief is Affirmed, and Appellant is advised that he has exhausted all of his State remedies. Affirmed.

BUSSEY and BRETT, JJ., concur.