Marcus D. **TITTLE,** Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–144.

Court of Criminal Appeals of Oklahoma.

July 8, 1975.

Rehearing Denied Sept. 5, 1975.

Jones & Jones, Cordell, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Marcus D. Tittle, hereinafter referred to as defendant, waived a jury trial and was charged, tried and convicted in the District Court, Washita County, Case No. CRF–74–53, for the offense of Unlawful Possession of a Controlled Dangerous Substance with Intent to Distribute, in violation of 63 O.S.1971, § 2–401(A)(1). The Court imposed punishment of five (5) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Harold Cooper testified that he was the sheriff of Washita County and had been since 1970. On September 9, 1974, he arrested the defendant at his place of employment, advised defendant of his Miranda rights and made a custodial search of the defendant's person. That search yielded a blue notebook that was later introduced as evidence against the defendant. Sheriff Cooper then searched defendant's car, pursuant to a search warrant for the vehicle, obtained earlier that day. A blue bag containing four small cellophane bags,

each of which contained several tablets, was found on the floor of the car. A report prepared by Oklahoma State Bureau of Investigation Chemist Don Flint and allowed into evidence by stipulation, identified the tablets as containing amphetamines. Sheriff Cooper said that based on his experience in numerous drug cases, the packaging of the tablets in such a manner would be conducive to resale of the tablets.

The only other witness called by either side was Dalton Berry. Berry stated that he was a Deputy Sheriff of Washita County on September 9, 1974; that he had accompanied the search; that he heard Cooper's testimony and that any testimony that he could give would simply be a corroboration and re-statement of that given by Cooper.

The State then rested. Defendant's Demurrer to the evidence was overruled, and the defendant presented no testimony.

Defendant's first proposition of error is that the trial court erroneously overruled his Motion to Quash the search warrant and to suppress the evidence obtained from the search of the car. Defendant argues that Sheriff Cooper's affidavit, the sole basis on which this warrant was issued, fails to allege the reliability and credibility of the informant in a manner sufficient to allow the magistrate to use his independent judgment in determining if probable cause for the issuance of the warrant existed.

After reciting that the informant had seen the blue bag and its contents in defendant's car on September 8, 1974, the Affidavit states as follows:

". . ., affiant further states that he knows the reputation for truth and veracity of the informant and has received reliable information from said informant on two prior occasions."

In *Simon v. State*, Okl.Cr., 515 P. 2d 1161 (1973), this Court held that an affidavit stating in relevant part as follows:

"That I was contacted by [a] confidential informant who has in the past proven to be reliable by supplying informa-

tion resulting in the arrests and convictions of four persons for narcotic charges. . . ."

was sufficient to allow the Magistrate to independently determine that the affiant-officer was justified in believing the informant to be reliable and credible and to establish probable cause for the issuance of a search warrant. In the instant case, the affiant's recitation of two prior uses of this informant and the affiant's knowledge of the informant's reputation for truth and veracity was sufficient, based on the holding in *Simon*. We, therefore, hold this proposition to be without merit.

The trial court also overruled defendant's motion to suppress the evidence obtained by the search of defendant's person. Defendant was arrested as he emerged from a restroom in the plant where he worked. The arrest was without an arrest warrant. Sheriff Cooper stated that he based his decision to arrest on what the informant had told him about the defendant, and some prior drug sales by the defendant. Defendant contends that this arrest was illegal under 22 O.S.1971, § 196, the search incident was also illegal and the blue notebook seized should have been suppressed as evidence.

■ In construing 22 O.S.1971, § 196, in *Darks v. State,* Okl.Cr., 273 P.2d 880 (1954), this Court held that an arrest by a peace officer without a warrant is not unlawful if the officer on his own, or from the facts communicated to him by others, has reasonable grounds to believe that the person arrested has committed a felony. See also *Harrison v. State,* Okl.Cr., 461 P.2d 1007 (1969); *Noble v. State,* Okl.Cr., 497 P.2d 452 (1972) and cases cited therein.

■ Sheriff Cooper, acting on the information given him by the informant, had probable cause to believe that the defendant had committed a felony by previously making drug sales. Therefore, the arrest of the defendant was lawful under 22 O.S. 1971, § 196 and the search incident thereto was also lawful. Accordingly, we find this proposition to be without merit.

In conclusion, we observe that the record is free of any error which would justify modification or reversal. The judgment and sentence is accordingly, *affirmed.*

BLISS, J., concurs.

BRETT, P. J., concurs in results.