**Kenneth W. MILLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-76-873.**

Court of Criminal Appeals of Oklahoma.

May 18, 1978.

## ORDER GRANTING PETITION FOR REHEARING

The appellant, Kenneth W. Miller, was tried and convicted by a jury in the District Court, Oklahoma County, Case No. CRF–75–4325, of the offense of Possession of Marihuana With Intent to Distribute, in violation of 63 O.S.Supp.1977, § 2–401. He was tried conjointly with his brother, Ronald H. Miller, and both were sentenced to the maximum term of ten (10) years' imprisonment and a fine of One Dollar ($1.00). The appeal of the codefendant, Ronald H. Miller, was dismissed by this Court on March 31, 1977, upon this Court being advised that the said Ronald H. Miller was killed in an automobile accident on March 5, 1977.

On May 31, 1977, in a "Memorandum Opinion," which was unpublished, this Court affirmed the conviction of the appellant, Kenneth W. Miller. From this affirmance, the appellant filed a petition for rehearing which is presently before this Court.

Briefly, the State's evidence showed that at 4:00 p. m. on November 14, 1975, Midwest City police officers executed a search warrant of a residence owned by the appellant's mother but also occupied by the appellant and his deceased brother, Ronald H. Miller. Sixteen pounds of marihuana were confiscated in one of the bedrooms of the three-bedroom home. Part of the marihuana was found in a dresser drawer and the rest was discovered in an ice chest on the floor in the closet. Several persons were in the house when it was searched; however, the State's evidence showed that only three persons actually lived there, Kenneth Miller, Ronald Miller and their mother.

Marihuana was found in only one bedroom of the house, where there was also found clothing, a wallet belonging to Ronald Miller, and several letters, one which was addressed to Ronald and one addressed

to Kenneth. Officers found shoes of two different sizes in the closet, and a dresser drawer in the bedroom contained two drawers of men's underwear. The bedroom contained two twin beds. Testimony of police officers indicated that during the search Ronald Miller, now deceased, stated that the bedroom wherein the marihuana was found was his and that the appellant told officers he slept in one of the other bedrooms. At the police station after the arrest, Ronald Miller stated to an officer that the marihuana was not his and that he was merely holding it for another person.

At trial, the State properly proved the substance to be marihuana and also clearly established the chain of custody of the seized evidence. An older brother, William Miller, Jr., testified that he was visiting the home on the day of the arrest and that the bedroom wherein the marihuana was found was occupied by Ronald, and that Kenneth occupied one of the other bedrooms.

Ronald Miller testified that the marihuana belonged to him; that the bedroom where it was found was occupied by him alone; and that the appellant had no knowledge of the marihuana. Ronald Miller further denied intending to distribute the marihuana and stated that he had picked it for his own use. Further, he admitted lying to the Midwest City police when he told them he was merely holding it for another person.

Several propositions are presented on petition for rehearing, but since we agree with the contention that the evidence was insufficient to convict the appellant, we will omit the discussion of the other assignments.

■ A particular defendant may be in actual or constructive possession of a drug. Moreover, he alone may possess it or he may possess it jointly with others. Possession itself means that the possessor has "dominion and control" over the possessed drug, that is, a right to control its disposition. *Brown v. State,* Okl.Cr., 481 P.2d 475 (1971).

■ When marihuana is found on a defendant or in a place to which he has exclusive access, then knowledge, dominion and control may be fairly inferred from these circumstances alone. However, when marihuana is found not on any person but on premises to which several persons have access, possession cannot be inferred simply from the fact that a person was on the premises when the marihuana was discovered. *Brown v. State,* supra. Rather, there must be other facts shown from which it can be fairly inferred that the defendant had dominion and control over the seized substance. Proof of these other facts may take the form of direct or circumstantial evidence. When circumstantial evidence is used to link a particular suspect to the seized drug, the facts shown must exclude every reasonable hypothesis except that of guilt. Circumstantial proof amounting only to a strong suspicion or to a mere probability is insufficient. *Hishaw v. State,* Okl.Cr., 568 P.2d 643 (1977); *Staples v. State,* Okl. Cr., 528 P.2d 1131 (1974).

■ Herein, marihuana was discovered in one bedroom of a three bedroom home, occupied by Ronald, his brother and their mother. When the search was taking place, Ronald Miller admitted that the bedroom in which the marihuana was found was his. On the other hand, the appellant stated to the officers during the search that one of the other bedrooms was his.

The State urges that the following circumstances demonstrate that Kenneth had dominion and control over the marihuana: (1) a letter addressed to the defendant was found in the bedroom in which the marihuana was found; (2) a bureau in that same bedroom contained two drawers of men's underwear; (3) the closet in that same room contained shoes of two different sizes.

We are of the opinion that these meager circumstances are wholly insufficient to show that this appellant had dominion and control over the seized marihuana, or even that he knew it was there. Had the State been able to show with more certainty that the room wherein the marihuana was found was Kenneth's bedroom as well as that of his brother, then perhaps an inference of possession by this appellant would have been justified. However, it cannot even be inferred from the circumstances shown that

the appellant slept in the room where the marihuana was found, especially since from other evidence presented by the State it could be reasonably inferred that he did not.

In *Tyler v. State,* 74 Okl.Cr. 39, 122 P.2d 826 (1942), we held that the sufficiency of the evidence was a question which could be raised for the first time on appeal. The defendant has raised that question, both in his original appeal, and in his petition for rehearing. After due consideration we find that the evidence presented at his trial was insufficient to sustain a conviction.

Therefore, the petition for rehearing is hereby *GRANTED*; the judgment and sentence is *REVERSED* and *REMANDED*, and if the State cannot present additional evidence showing the defendant's dominion and control, the charge must be dismissed.

It is further ordered that the unpublished memorandum opinion affirming the said judgment and sentence on the 31st day of May, 1977, is hereby ordered WITH-DRAWN.

WITNESS OUR HANDS, and the Seal of this Court, this 18th day of May, 1978.

TOM CORNISH, JUDGE
TOM BRETT, JUDGE
BUSSEY, P. J., dissents.