**Steve Allen RUDD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–171.**

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1982.

James E. Wallace, Grove, for appellant.

Jan Eric Cartwright, Atty. Gen., John F. Cooper, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Unlawful Possession of Marijuana With Intent to Distribute, and sentenced to three (3) years' imprisonment. He waived jury trial and was found guilty before the trial judge.

### I

■ The appellant claims that the marijuana seized from his car was obtained pursuant to an illegal inventory search of his car. It is generally held that vehicle inventory searches conducted pursuant to standard police practices are reasonable under the Fourth Amendment, "where the process is aimed at securing or protecting the car and 'its contents'" *South Dakota v. Opperman*, 428 U.S. 364, 373, 96 S.Ct. 3092, 3099, 49 L.Ed.2d 1000 (1976). This Court will examine the surrounding facts and circumstances to determine whether the inventory search was reasonable and justified. *Magann v. State*, 601 P.2d 123 (Okl.Cr.App. 1979).

■ In this case, we find that the inventory search was reasonable. On April 11, 1980, the appellant was involved in a serious automobile accident. Apparently, the appellant had been driving his car and failed to negotiate a curve. The car went over an embankment and flipped over. Two persons were killed. The appellant, Rudd, and another passenger, were seriously injured and taken to the hospital. Subsequently, the Oklahoma Highway Patrol (OHP) towed Rudd's car from the scene and had it impounded at a local salvage yard. The car was impounded at around two o'clock in the morning.

Approximately eight hours after the car had been impounded, Officer Hokit inventoried the appellant's car pursuant to a mandatory OHP policy. Hokit inventoried the entire car and filled out an inventory form listing all the personal items obtained. Upon opening the trunk of the appellant's car, Hokit discovered eight baggies of marijuana.

The appellant contends that the inventory search was improper because of the eight hour delay between the time the car was impounded and the time it was inventoried. He argues that the car was not properly secured during those eight hours. However, the record reveals that Mr. Frailey towed the appellant's car into the impoundment area. The impoundment lot was secured by a six foot chain-link fence and a locked gate. Mr. Frailey is the sole owner and operator of the salvage yard.

Frailey testified that he locked the gate the night of the accident and unlocked it prior to Officer Hokit's inventory. Hokit testified that when he inventoried the car there was no evidence that anyone had tampered with it. He further stated that in order to get inside the trunk he had to use a pry bar because of the damage from the accident. Officer Hokit also related that he did not have an opportunity to inventory the car until the next morning because of the amount of time it took to investigate the scene of the accident. Additionally, he had difficulty in determining the identity of one of the fatalities. Under the circumstances of this case, we find that the inventory of the appellant's car was reasonable.

### II

The appellant contends that the trial court erred in failing to sustain his demurrer to the State's evidence. Rudd argues that the State failed to prove beyond a

reasonable doubt that he had actual knowledge of the presence of the marijuana and possessed an intent to distribute the marijuana. After lodging his demurrer to the State's evidence, the appellant presented evidence in his defense. We find that the appellant has not properly preserved the issue of the demurrer for review by this Court.

■ This Court has consistently held that a defendant waives his demurrer to the State's evidence once he offers evidence in his own defense. *Morrison v. State*, 628 P.2d 381 (Okl.Cr.App.1981). Therefore, this Court will determine the issue of sufficiency of the evidence from a review of the record as a whole.

At the trial, the appellant moved for a directed verdict, arguing that the State's circumstantial evidence did not exclude every reasonable hypothesis other than guilt. The trial court ruled on this motion and stated that it felt the controlling evidence in the case was introduced when Mr. Rudd took the stand in his own behalf.

■ The standard of review in a criminal case based entirely on circumstantial evidence is whether the State's evidence tends to exclude every reasonable hypothesis other than guilt. However, the circumstantial evidence need not exclude every possibility other than guilt. *White v. State*, 607 P.2d 713 (Okl.Cr.App.1980). When implementing this standard, we must consider the evidence and its inferences in a light most favorable to the State. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.App.1980).

■ Generally, unlawful possession of contraband with an intent to distribute, may be actual or constructive. *Miller v. State*, 579 P.2d 200 (Okl.Cr.App.1978). Constructive possession may be established by ownership, dominion and control over the contraband. Possession may also be inferred when the contraband is found in a place which is exclusively accessible or used by the accused and subject to his dominion and control. *Miller*, supra at 202. On the other hand, mere proximity to the contraband or mere association with a person who has actual or constructive possession of the contraband, is insufficient to support a conviction. *Staples v. State*, 528 P.2d 1131 (Okl.Cr.App.1974). There must be additional evidence establishing the accused's knowledge and control. *Clarkson v. State*, 529 P.2d 542 (Okl.Cr.App.1974).

■ A thorough review of the record, convinces this Court that the evidence was sufficient to establish a reasonable inference that the appellant had dominion and control over the marijuana found in this trunk. The appellant testified that he was the sole owner of the car in which the marijuana was found. He stated that he had bought the car two or three days before the accident. He asserted at trial that he never examined the interior or the trunk, at the time he bought the car. However, he also testified that he knew there was a tool box in the car. The State introduced evidence that the tool box was located in the trunk with the marijuana. Therefore, we find that the State presented a prima facie case to the trier of fact.

■ It is also argued that the State failed to prove beyond a reasonable doubt that the marijuana was possessed by the appellant with an intent to distribute. We hold that the amount of marijuana found in the possession of the appellant was sufficient to permit a reasonable inference of an intent to distribute. Here, eight individual baggies containing a total of seven ounces of marijuana was found in the trunk of the appellant's car, enough marijuana to make over 400 cigarettes. See *King v. State*, 562 P.2d 902 (Okl.Cr.App.1977). In *Davis v. State*, 514 P.2d 1195 (Okl.Cr.App.1973), this Court held that possession of over 1600 pills individually packaged in five separate units was sufficient circumstantial evidence of specific intent to support the jury's finding that the accused intended to distribute the pills. We find that there was sufficient evidence, at bar, to support the trial judge's finding. See *Goodner v. State*, 546 P.2d 653 (Okl.Cr.App.1976).

### III

The appellant next alleges that the State failed to adequately establish the chain of possession of the marijuana. The State is required to lay a foundation showing that the evidence offered is in substantially the same condition as when the crime was committed. The State must demonstrate to the trial judge that within a reasonable certainty the evidence has not been altered or tampered with in any important aspect. The State is not required to exclude all possibilities of alteration. *Atkins v. State*, 572 P.2d 1298 (Okl.Cr.App.1973). The record, in this case, sufficiently indicates that the contraband found in the appellant's car was in substantially the same condition at the time it was chemically analyzed and when it was introduced into evidence. The chain of possession was preserved by Officer Hokit, Officer Berry, Officer Lee and Terry Burgess, the OSBI chemist who analyzed the contraband.

The judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.