Alvin Aaron McCOY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–479.

Court of Criminal Appeals of Oklahoma.

May 1, 1985.

Rehearing Denied July 29, 1985.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

Alvin Aaron McCoy was convicted of Unlawful Possession of Marijuana, Second Offense, in Tulsa County District Court in a non-jury trial. He received a sentence of two years' imprisonment.

Appellant first asserts that the State failed to prove at trial he had previously been convicted of a drug related offense, thus preventing him from being lawfully convicted of a second offense under 63 O.S.1981, § 2–402(B)(2) (currently found at 63 O.S.Supp.1984, § 2–402(B)(2)). Under this statute, a first offense is a misdemeanor and a second offense is a felony.

Our review of the record indicates that not only did the State fail to prove a prior drug related conviction, it also failed to plead such a conviction. We held in *Broome v. State,* 440 P.2d 761 (Okl.Cr. 1968), that under our drunken driving statutes which make a first offense a misdemeanor and a second offense a felony, historical facts upon which the prior conviction is predicated must be pled and proved to give the court jurisdiction of the felony charge. This applies equally to our drug possession statute being charged herein.

While there was a stipulation made at appellant's preliminary hearing of a number of prior convictions, that evidence was not offered to the trial judge who was not the same person as the magistrate. Proof of a single fact which distinguishes between a conviction for a misdemeanor and a felony is a substantive matter, and there must be proof of the evidentiary fact. *Gessman v. State,* 500 P.2d 1092 (Okl.Cr. 1972).

The State asserts that appellant has waived this error by his failure to object at sentencing. This error is jurisdictional and is not so easily waived. *Id.* Therefore, appellant's conviction must be modified to the misdemeanor offense of Unlawful Possession of Marijuana.

Section 2510, Title 12 O.S.1981, allows the prosecution a privilege against disclosing the name of a confidential informant. It also provides exceptions to this privilege. Appellant claims that the magistrate presiding at his preliminary hearing erred in not requiring the prosecution to disclose the identity of an informant against him. This individual purchased a dangerous drug (phencyclidine) from appellant. He was searched by the police before and after the sale and the sale was monitored by them from outside appellant's home. This information was used to secure a search warrant of appellant's residence. He claims that under 12 O.S.1981, § 2510(C)(3), the court should require disclosure when, "the court or defendant is not satisfied that the information was received from an informer reasonably believed to be reliable or credible...."

■ Here, the credibility of the information upon which the warrant was obtained was that of the officer, the affiant, who attested to his own observations surrounding the purchase. He testified and was cross-examined at both preliminary hearing and trial. Though not necessary, the affidavit in support of the search warrant additionally alleged that the confidential informant had worked with the officer previously and had provided information that led to other prosecutions. See, *Tittle v. State*, 539 P.2d 422 (Okl.Cr.1975). The court's refusal to require disclosure of the person whose information started the investigation by the police was not erroneous.

Appellant contends that the evidence failed to establish he was in possession of the marijuana at the time it was seized. Officers found the marijuana in a bag within a wooden box in the nightstand next to where appellant was sleeping when the police entered his home. The officers also removed from the nightstand a letter addressed to appellant. The evidence indicated there was other correspondence addressed to appellant and his wife located in the same nightstand. His wife was asleep on the other side of the bed, and next to her was another nightstand. Also within the house was appellant's teenage daughter.

■ In order to prove one was in possession of a drug, we have held that dominion and control over it must be shown. Basically, this includes knowledge of its existence and some right over its disposition. *Gray v. State*, 561 P.2d 83 (Okl.Cr.1977).

The facts of this case are similar to those of *Luker v. State*, 504 P.2d 1238 (Okl.Cr. 1972). This Court found in that case the circumstances were sufficient to show possession when drugs were found in a box within a credenza three feet from the personal desk of appellant, and located in his personal office. This was adequate notwithstanding the fact the office suite was shared with another person. From those facts, it was reasonable to infer knowledge of the packages's contents. *Id.* at 1240.

■ The facts herein, at a minimum, allow a reasonable inference of joint possession with appellant's wife. The marijuana was located within their personal effects, within their personal bedroom. It was sufficient to exclude every reasonable hypothesis other than guilt. *Miller v. State*, 579 P.2d 200 (Okl.Cr.1978). In *Miller*, the majority of this Court reasoned that if marijuana is found in a bedroom, and if it could be shown that appellant shared that bedroom, an inference of possession could be justified. *Id.* We find these very circumstances in the present case.

■ Finally, appellant contends there was insufficient proof that the substance alleged to be marijuana was in fact marijuana. The laboratory analysis of the substance was suppressed at trial due to the placement of miscellaneous items into the box containing the marijuana after it was marked and sent to the lab by Officer Emmons who had seized it. Officer Emmons qualified as an expert and was allowed to testify of his opinion that the matter was marijuana.

Prior to identifying the plant by its morphological characteristics, Officer Emmons recited his training and experience for such. He testified that he had taken college level law enforcement classes in which he conducted tests on marijuana; he had received guidelines on identification from the Tulsa Police Academy; he was part of an organized crimes unit for three years and frequently confiscated marijuana; he had been assigned to the narcotics division of the police department for six months; he attended a class on identification of marijuana offered by the Oklahoma State Bureau of Investigation; and, that he had made approximately fifty arrests for possession of marijuana. He went on to testify as to his observations that based upon the color, flaky characteristic, presence of seeds and a particular musky smell, he believed the matter to be marijuana.

We have previously held that evidence that a substance is marijuana may be by the testimony a police officer whose opinion is based upon expertise gained through

experience and training. *Cory v. State*, 543 P.2d 565 (Okl.Cr.1975). It was not consequential in this case that the officer did not know among other things certain scientific nomenclature and that the primary component of bird seed is sterilized seed of the cannabis class.

For the reasons previously stated, the judgment is modified from the felony of Unlawful Possession of Marijuana, Second Offense, to the misdemeanor of Unlawful Possession of Marijuana. The sentence is modified from two years' imprisonment to one year confinement in the Tulsa County Jail. Judgment and sentence is AFFIRMED as MODIFIED.

PARKS, P.J., concurs in results.

BRETT, J., dissents.

BRETT, Judge, dissents.

I respectfully dissent to this decision for the same reasons stated in my dissent in *Cory v. State*, 543 P.2d 565, 572 (Okl.Cr. 1975). In my opinion the morphological identification of marijuana is not sufficient to prove beyond a reasonable doubt that the substance is what it is alleged to be. Admittedly, it is sufficient for probable cause, but beyond that the substance should be properly identified. Therefore, I would reverse this conviction with instructions to dismiss the charge.