**Clyde E. HOLLOWAY, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-83-765.**

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1986.

Opio Toure, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Clyde E. Holloway, Jr., was convicted of Murder in the First Degree, Case No. CRF-83-1387, in Oklahoma County District Court, was sentenced to life imprisonment, and he appeals.

James Walter, a patron in the Lincoln Lounge operated by Ples Emery, the deceased, testified that he witnessed Emery inform the appellant during the early morning hours of March 4, 1983, that it was time for him to leave as it was near closing time, whereupon the appellant said that he would not leave and proceeded to pull out a gun and shoot it once into the floor. Walter further testified that Emery again tried to persuade the appellant to leave the premises by attempting to walk him out. After Emery and the appellant walked into the lounge's kitchen area, both Walter and Sandra Allen, another bar patron, testified they heard shots fired. Walter then went

into the kitchen area and witnessed Emery lying on the floor bleeding. Walter attempted to leave but instead was confronted by the appellant who was brandishing a gun. Walter testified that the appellant then said to him, "I'll shoot you too, because you've been messing with me," and that, "I came here to shoot this man, and I'm going to stay and see that he bleed[s] to death." After Walter convinced the appellant to let him leave, the appellant then grabbed Ms. Allen, who had taken refuge in the men's room, and led her through the kitchen area where she witnessed Emery lying on the floor with blood gushing from a neck wound. As they walked by, Allen testified that the appellant pointed to Emery and said, "Look at him," that "this is what people get for messing" with him. Ms. Allen was then taken out of the bar by the appellant to a nearby house and then to a motel room where the appellant passed out after drinking some whiskey. Grabbing the appellant's gun, Allen then ran to the motel office where the police were summoned. An autopsy performed on the deceased revealed that of two bullets which entered his neck, one severed his spinal cord, shattered part of his spine and caused his death.

## I.

In one of his assignments of error, Holloway complains that the trial court improperly admitted into evidence a photograph which allegedly prejudiced his right to a fair trial. The photograph does not show the body of the deceased but provides a view of the crime scene which was relevant evidence submitted to the jury. We are of the opinion that the trial court did not abuse its discretion in ruling that the probative value of the photograph outweighed any possible prejudice to the appellant. *Boutwell v. State*, 659 P.2d 322 (Okl.Cr.1983). This assignment of error is therefore without merit.

## II.

In his remaining assignments of error, Holloway complains that the trial court improperly failed to instruct the jury on circumstantial evidence and self-defense. We note from the record, however, that Holloway did not object to the instructions submitted to the jury, nor did he request alternate instructions, thereby waiving any error concerning jury instructions on appeal. See, *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981); and *Rouse v. State*, 594 P.2d 787 (Okl.Cr.1979), respectively.

Furthermore, since the evidence against the appellant was both direct and circumstantial, we find that the trial court did not commit error by failing to give an instruction on circumstantial evidence. *Grimmett v. State*, 572 P.2d 272 (Okl.Cr. 1977).

Additionally, self-defense is an affirmative defense which must be raised by the appellant unless the State's case shows that the homicide was justifiable. *Fowler v. State*, 507 P.2d 929 (Okl.Cr.1973). As the record reveals no evidence of self-defense on behalf of Holloway, the trial court properly did not instruct the jury on such a defense.

In conclusion, we observe that the evidence of the appellant's guilt is strong and the record is free of any error which requires reversal or modification. The judgment and sentence is accordingly, AFFIRMED.