John W. DICKSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–771.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1988.

Rehearing Denied Oct. 20, 1988.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Robert Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, John W. Dickson, was tried by jury in Custer County District Court, Case No. CRF–84–172 and convicted of Murder in the Second Degree in violation of 21 O.S.1981, § 701.8. The trial court set punishment at thirty years' imprisonment in accordance with the jury's verdict. From this judgment and sentence, appellant has perfected his appeal to this Court.

On November 15, 1984, appellant ran to the house of a neighbor, Geraldine Carr, and asked for assistance. Carr told her husband to call an ambulance and then ran next door with appellant. The deceased, Ann Marie Rogers, was lying on a bed, bleeding profusely from the nose and mouth. When asked what had happened, appellant stated that Ann was having a seizure. He also repeated several times that he had not meant to hurt his "baby." The victim died from a single gunshot wound to the head. The bullet entered her right nostril travelling through her nasal passage and finally resting in her brain. However, there were no signs of the wound anywhere on her face. Emergency paramedics at the scene could not determine what had caused the victim's trauma and doctors at the hospital did not discover it until after the victim had died. The gun used in the killing was not recovered because appellant threw it away immediately after the shooting.

In his first assignment of error appellant contends that the trial court committed reversible error in failing to instruct the jury on his theory of defense, accidental homicide. We disagree.

In *Hunter v. State*, 637 P.2d 871 (Okl.Cr. 1981), this Court set forth the method of determining when an instruction on accidental death is required:

> To necessitate an instruction on excusable homicide there must be some evidence of an accidental death and the evidence must establish that the defendant was 'involved in some lawful act by lawful means, with usual and ordinary caution, without any unlawful intent.'

*See also Schultz v. State*, 749 P.2d 559 (Okl.Cr.1988).

■ In reviewing the record of the case at bar, we can find no evidence to support a finding of accidental homicide. The Medical Examiner testified that when the gun discharged it was within contact range of the victim's nose. Furthermore, she testified that injuries were found on the decedent's nose suggesting that the gun muzzle had been placed inside the nostril at some point. The appellant testified that he kept a loaded pistol under the mattress on his side of the bed for protection. On the night in question, he claims he was reaching across the decedent to put the gun under the bed on her side when it discharged. After the shooting, appellant made several remarks that he had not intended to hurt the decedent. These remarks, taken together with the fact that the gun was discharged at point blank range, lead us to conclude that the killing was not accidental.

■ We also note for the record that appellant's counsel failed to submit jury instructions on the defense of accidental homicide. It is a long-standing rule of this Court that failure to object to jury instructions given at trial or to request alternate instructions waives any error for review on appeal. *Holloway v. State*, 712 P.2d 68 (Okl.Cr.1986). We, therefore, find no error in the trial court's failure to instruct on the defense of accidental homicide.

■ In his second proposition of error appellant urges this Court to reverse his conviction because the trial judge failed to include a jury instruction on the lesser-included offense of misdemeanor-manslaughter. We conclude that no error was committed. Initially, we note for the record that appellant did not request that an instruction on misdemeanor-manslaughter be submitted to the jury. Neither did he submit such an instruction to the judge for consideration. Therefore, this issue was

862

not properly preserved for appeal. *Holloway v. State*, 712 P.2d 68 (Okl.Cr.1986).

 Nonetheless, this Court, in *Funkhouser v. State*, 721 P.2d 423 (Okl.Cr.1986), stated that a defendant is entitled to an instruction on a lesser-included offense of the offense charged only when the evidence presented warrants such an instruction. *See also Thompson v. State*, 748 P.2d 526 (Okl.Cr.1988). We have carefully reviewed the trial record and have determined that appellant failed to present any evidence demonstrating that he committed a misdemeanor on which to base a misdemeanor-manslaughter charge. For these reasons, appellant's second assignment of error is unfounded.

Finally, appellant asserts that his conviction should be reversed because the State's evidence failed to constitute proof of his guilt beyond a reasonable doubt and because it was not sufficient to disprove every reasonable hypothesis other than guilt. We acknowledge that there are two established tests by which this Court determines sufficiency of the evidence. The *Spuehler* test, which requires this Court to review the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the "essential elements of the crime charged beyond a reasonable doubt," is appropriate where the evidence presented at trial is either direct or a combination of both direct and circumstantial evidence. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985); *Roberts v. State*, 715 P.2d 483 (Okl.Cr.1986).

The second standard for determining sufficiency of the evidence is the "reasonable hypothesis" test. This test requires the Court to determine whether the prosecution was successful in disproving every reasonable hypothesis other than guilt. *Copling v. State*, 600 P.2d 353 (Okl.Cr.1979). This standard is appropriate only where the evidence introduced in a case is wholly circumstantial. *Rudd v. State*, 649 P.2d 791 (Okl.Cr.1982).

Appellant urges us to apply the reasonable hypothesis test in determining whether the evidence presented against him at trial was sufficient to support a conviction. However, the evidence presented at trial was not wholly circumstantial; therefore, the appropriate standard against which to measure sufficiency of the evidence is the *Spuehler* test. Applying the *Spuehler* standard, we conclude that the State's evidence was sufficient to support appellant's conviction. We, therefore, decline to reverse on this assignment of error.

Accordingly, we AFFIRM appellant's judgment and sentence.

BUSSEY and PARKS, JJ., concur.