Max M. Berry, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Eric Warner, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Charles Lee Dixon, hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding and convicted in the District Court of Kay County for the crime of Assault with Intent to Commit Rape, After Former Conviction of a Felony. From the judgment and sentence rendered in said case the defendant perfected his timely appeal in Case No. F–75–507. On January 29, 1976, this Court reversed said conviction and remanded the cause for new trial. See *Dixon v. State*, Okl.Cr., 545 P.2d 1262. On April 29, 1976, the matter was again tried before a jury and the defendant was again convicted. Punishment was assessed at a term of ten (10) years in the custody and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in accordance with the verdict the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at the second trial is as follows: The prosecution witness, a mother and housewife, testified that at approximately 9:30 A.M. on April 17, 1974, she drove to Neva Burnett's farm in Kay County to visit the defendant's wife. The defendant was renting a house near the Burnett home and when the victim drove up she saw Neva Burnett and had coffee with her before proceeding to the Dixon house. Mrs. Dixon invited her in to have coffee while she fixed breakfast. The defendant joined them at the table and after the meal he told his wife to clear off the table. He then proceeded to unzip his pants, pull out his penis and urinate on the table. The victim ran into the kitchen and

the defendant followed, grabbing her from behind, putting his hands on her breasts and stating that he had wanted her for a long time and that if she didn't go in the bedroom he was going to get her in there one way or the other. The witness resisted by hitting him on the head with a skillet. The defendant was blocking the kitchen door and told the witness that he was going to "do it" and that she had better get into the bedroom by the count of three. He then proceeded to hit her on the side of the head and stated that he wanted her even if she "go in there and play with it." The witness then escaped and jumped through a closed kitchen window suffering cuts to her shoulder, arm and leg.

Neva Burnett Weber then testified that at the time of the incident the defendant and his wife were renting one of the houses on her farm and that on the date in question the victim had come out to visit the defendant's wife but first stopped by and had a cup of coffee. Mrs. Weber stated that the victim was not bleeding at the time and that she went over to the defendant's house. The next time she saw the victim she had blood all over her.

Bill Stieber then testified that he was one of the officers who investigated the incident at approximately 11:30 that morning. He stated that he found a broken kitchen window in the Dixon home and that most of the glass was on the outside. He further stated that the victim was bleeding from her leg and shoulder and that she was taken to a hospital. He further related that after advising the defendant of his Miranda rights he stated that he and his wife were in bed when the victim showed up and that they had been talking about sex at the time. He further told the officer that after he finished breakfast the victim jumped out the window. The state then rested and the defendant presented no evidence. The prior conviction was stipulated.

■ The defendant's sole assignment of error urges that the prosecuting attorney's opening statement, questions to the prosecution witness and closing argument wherein reference was made to the defend-

ant's act of urination upon the dining room table was irrelevant and so poisoned the minds of the jurors against the defendant so as to preclude a fair and impartial trial and cause an excessive sentence. We must disagree. The act of the defendant was contemporaneous with and a part of the physical assault upon the victim by the defendant. As such it was a part of the res gestae. In *Wolf v. State*, Okl.Cr., 375 P.2d 283, we defined "res gestae" as meaning matters incidental to the main fact and explanatory to it, including acts which are so closely connected therewith as to constitute a part of the transaction and without a knowledge of which the main fact might not be properly understood.

■ As stated in *Moreau v. State*, Okl. Cr., 530 P.2d 1061, evidence of different offenses from the one charged is admissible when both offenses are so closely linked as to perform a part of the res gestae.

It is, therefore, our opinion that in the instant case, although the evidence objected to tended to establish a different offense, the act of the defendant testified to was a part of the res gestae and as such was admissible. The defendant's assignment of error is without merit.

From an examination of the entire record it is apparent that the defendant received a fair and impartial trial before a jury, no material right of the defendant was prejudiced and the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.