**Billy M. WALKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–636.**

Court of Criminal Appeals of Oklahoma.

March 28, 1980.

Robert A. Ravitz, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Billy M. Walker, hereinafter referred to as defendant, was charged with the crime of Robbery With Firearms, in violation of 21 O.S.Supp.1973, § 801, in the District Court, Oklahoma County, Case No. CRF–74–3816. The jury found the defendant guilty on February 12, 1975, and he was thereafter sentenced to serve a term of one hundred (100) years in the custody of the State Department of Corrections. The defendant filed an application for post conviction relief on October 12, 1977. In response thereto, the District Attorney of Oklahoma County confessed the application

because the defendant had not had an opportunity to perfect a direct appeal to this Court. On May 24, 1978, this Court granted a writ of mandamus and ordered the District Court of Oklahoma County to appoint the public defender's office to represent the defendant in his appeal. This appointment was duly made by the District Court, and from the said judgment and sentence, the defendant has perfected what we deem a timely appeal.

The defendant asserts in his sole assignment of error that the trial court, over defense objection, permitted the State to introduce evidence of other crimes separate and distinct from the crime for which he was being tried. The State argues that the defendant did not object to this evidence and, thereby, waived any error. We note that the District Attorney in his opening statement, made reference to certain acts of the defendant which occurred subsequent to the armed robbery. The defendant's attorney objected on two occasions on the ground that the statements referred to other crimes. The trial court overruled the objections, stating that such evidence would be admitted as a part of the res gestae.

Briefly stated, this was the evidence adduced at trial. A grocery store in Oklahoma County was robbed at approximately 9:45 p. m. on November 10, 1974. Two employees of the store and a customer testified that a man held a handgun against the side of the cashier and directed that she place the contents of the cash register into a paper bag. After this was done, the man left the store and drove away in an automobile.

Officer Ted Askew of the Midwest City Police Department testified he was driving a police vehicle that night when he received a call concerning the armed robbery by a suspect described as an Indian male. He set up a roadblock with his vehicle in order to intercept the suspect's automobile. The officer observed a vehicle coming over the top of the hill and he placed his car in the middle of an intersection with the red lights on, facing the oncoming car. The vehicle picked up speed and passed the police unit.

The officer observed it was operated by an Indian male. While turning his car around, the officer saw the car run a stop sign in his rear view mirror. The officer advised headquarters he was in pursuit of a possible armed robbery suspect.

The officer was still in hot pursuit when the suspect ran a second roadblock, and his car finally stopped in the front yard of a residence. As the suspect pulled out from the yard in his car, the officer fired three rounds into the suspect's rear tire. The pursuit resumed. Officer Askew finally managed to stop the other vehicle by running head-on into it. A running gun battle ensued between the officer and the suspect. The officer lost sight of the suspect when he ran into a city park. The witness made an in court identification of the defendant as the person he pursued.

Officer Leon Gillu stated he was dispatched to the park area to assist in the apprehension of an armed robbery suspect. Officer Gillu joined another officer and the two then searched on foot. The officers worked down a creek bank and located the suspect lying behind a tree. A gun was found at this location which defense counsel stipulated was the weapon used in the robbery. The suspect gave up without resistance. The officer identified the defendant as this person.

Detective John Schwarz testified as to his investigation of the suspect's automobile. He found therein a brown grocery sack containing money, checks, food stamps, and a few groceries. The defense stipulated that all of these items had been procured in the robbery of the grocery store. The State then rested its case. The defense did not present any evidence and immediately rested.

■ Although defendant's counsel objected during the prosecutor's opening statement to statements concerning certain acts of the defendant which occurred subsequent to the robbery, he did not renew his objections when testimony as to these acts was elicited from the State's witnesses during the case in chief. We are of the opinion that the defendant failed to preserve his

objections, and they are thus waived. *Boyd v. State*, Okl.Cr., 572 P.2d 276 (1977); *Teegarden v. State*, Okl.Cr., 563 P.2d 660 (1977).

■ However, the assignment of error is without merit even if considered on its merits. The acts of the defendant after he encountered the police were so closely connected with the crime as to be part of the same transaction. We accordingly find the testimony of the officers recounting the apprehension of the defendant to be admissible as part of the res gestae. *Dixon v. State*, Okl.Cr., 560 P.2d 204 (1977); *Metoyer v. State*, Okl.Cr., 538 P.2d 1066 (1975), *cert. denied*, 423 U.S. 934, 96 S.Ct. 291, 46 L.Ed.2d 266 (1975).

■ In addition to being a part of the res gestae, evidence of the evasive tactics and force used by the defendant in attempting to elude the police and avoid capture is admissible as an exception to the general rule which excludes evidence of other crimes. In *Moulton v. State*, Okl.Cr., 476 P.2d 366, 369 (1970), we stated:

". . . The general rule in this state is that when a defendant is put upon trial, for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible. However, evidence of separate and similar offenses is admissible when it is material and proper to show (1) motive, (2) intent, (3) absence of mistake or accident, ■ identity of person charged with the commission of the crime for which an accused is put on trial, and (5) common scheme or plan embracing the two or more crimes so related to each other that proof of one tends to establish the other. . . ." (Citations omitted)

The defendant cites *Burks v. State*, Okl. Cr., 594 P.2d 771 (1979), and *Stowe v. State*, Okl.Cr., 590 P.2d 679 (1979), in support of his position. However, we find them to be distinguishable. In *Burks*, to which this writer dissented, the majority held it error to admit evidence of a burglary and larceny of an automobile committed the day after the robbery, in the defendant's trial for robbery with firearms. And in *Stowe*, we held it error to admit evidence of a burglary of a residence, which occurred at 6:30 p. m., in the defendant's trial for assault and battery with a deadly weapon upon a police officer which occurred in the parking lot of a nightclub at approximately 8:00 p. m. The officer was not investigating the robbery when he attempted to search the defendant and obtain identification.

In the case at bar, the testimony of the officers concerning the events which transpired subsequent to the actual robbery up to and through his apprehension did have probative value on his motive, intent, the absence of mistake or accident, and upon the identity of the defendant as the one who committed the robbery. And we find that the probative value of this evidence outweighed any possible prejudice to the accused.

Our finding finds support in *Buchanan v. State*, Okl.Cr., 483 P.2d 1180 (1971), wherein we held admissible testimony of a police officer that the defendant fired his pistol at the officer at the time of his arrest for robbery. And in *Shetsky v. State*, Okl.Cr., 290 P.2d 149 (1955), we held that evidence of the defendant's flight and his firing on officers in a plainly marked police car was admissible as a part of the res gestae and had bearing upon the defendant's consciousness of guilt.

We find that the defendant's assignment of error is without merit. And in conclusion, we observe the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, *AFFIRMED*.

CORNISH, P. J., concurs in results.

BRETT, J., concurs specially.

BRETT, Judge, specially concurring.

I concur in this decision for the reason neither *Burks*, supra, or *Stowe*, supra, are applicable to the facts of this case. Also, the instant case was tried almost four years

prior to this Court's decisions in *Burks* and *Stowe*.