**Glen KEMP, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-80-623.**

Court of Criminal Appeals of Oklahoma.

Aug. 7, 1981.

Robert W. Pittman, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Glen Kemp, Jr., appellant, was convicted of the offense of Robbery With a Dangerous Weapon, in violation of Laws 1973, ch. 76, § 1, now 21 O.S.Supp.1980, § 801, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF-79-5062, and from a judgment and sentence assessing his punishment at twenty-five (25) years' imprisonment, he appeals.

Since the evidence of the appellant's guilt was overwhelming, and it is not urged that the evidence is insufficient to support the verdict of the jury, we deem it unnecessary to set forth the facts in this case.

The appellant contends that prosecutorial misconduct in specific instances denied him a fair trial. It is the appellant's first contention that the assistant district attorney went outside the record during closing argument, by making reference to a statement made by one Cheadle. The following appears in the transcript of the trial at page 100:

BY MR. RICHARDSON: ... Everything she said was consistent with the testimony of everyone that came into court. And, she gave a statement separately. These statements are typed and dated and they were taken in separate scout cars and they were taken to the police department and everybody—her and Jeff and everyone involved gave separate statements. They were almost identical to each other.

BY MR. PITTMAN: I am going to object to him talking about Cheadle's statement unless he wants to offer it in evidence.

BY THE COURT: Sustained. Please don't discuss anything that is not in evidence, counsel.

It is clear from the foregoing excerpt from the record that, although counsel for the appellant objected to the closing remark of the assistant district attorney, the trial court sustained the objection and gave an admonition to counsel. No exception was taken to the ruling of the court, nor did the defense counsel move for a mistrial. We have repeatedly held that an admonition by the court normally cures objections to the remarks of counsel unless they are of such a fundamental nature as to have influenced the verdict of the jury. In light of the overwhelming evidence of the guilt of the accused, we are of the opinion that the court's admonition cured the error.

See *Coats v. State*, 589 P.2d 689 (Okl.Cr. 1978).

■ It is next contended by the appellant that the assistant district attorney recommended a sentence of twenty-five (25) years' imprisonment, contrary to his agreement during the plea bargaining prior to trial, in which he stated that he would not ask for more than twenty (20) years' punishment. It should be noted that the remarks complained of were not objected to during the closing argument, and therefore were not properly preserved for review on appeal. Moreover, no authority is cited to support this assignment of error, and it is wholly without merit. See *Sandefur v. State*, 461 P.2d 954 (Okl.Cr.1969).

■ It is next contended that the jury was guilty of misconduct when, during the course of deliberation, they sent back the following note to the court:

How many years did Mr. Kemp serve, when he was paroled, what ratio between sentencing and eligibility for parole.

Counsel contends the transmission of this note demonstrates that the jury's verdict was influenced by improper consideration of the policies of the Pardon and Parole Board. After receiving the note from the jury, the trial court called it to the attention of the attorneys for the respective sides in open court, with the defendant present and in the absence of the jurors. Counsel for appellant moved for a mistrial. Thereafter, the court returned the jury to open court where, with all the parties present, he gave the following admonition:

BY THE COURT: Members of the Jury, you have sent me a note. I have read it to the lawyers in chambers. The law requires when this happens that I must bring you back down into open court and tell you what I need to tell you in open court for the record.

The things that you are asking in your question, I assure you if they were proper considerations, I would have instructed you about them. I have given you everything that is proper for you to consider. Let me just state a little bit further that

our system of government divides the government into three separate functions.

One is the executive, the other is the legislative, and the other is the judiciary. The question you are asking is proper for the executive branch of government, not the judiciary.

All you need to do is, in this stage of the proceedings, fix what you perceive to be a proper sentence. Let all other considerations remain to the executive later. Do what you think is right and forget about it, please. With that in mind, please retire again and let us know when you have a verdict.

We are of the opinion that the trial court's supplemental admonition was in accordance with prior holdings and specifically in accordance with 22 O.S.1971, § 894, and is not error. See *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977). We are unwilling to assume that the jury ignored or disregarded the court's instruction. We therefore find no merit to the appellant's argument.

■ The appellant finally contends that a prejudicial error was committed when, in the presence of the jury panel, after having learned that the case had been assigned for trial to Judge Owens, who was in chambers, Judge Naifeh made the following statement: "Sheriff, take the defendant to Judge Owens' room..." The appellant was in civilian clothes; he was not handcuffed, nor shackled, and there was nothing in the record to indicate that the jury was prejudiced by the judge's comments. This situation is analogous to the case of *Lott v. State*, 491 P.2d 337 (Okl.Cr.1971). The assignment of error is without merit.

For all the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED. We note that there is an apparent discrepancy in the judgment and sentence regarding the defendant's name, and the case is therefore remanded to the district court for a correction of the judgment and sentence.

CORNISH, J., concurs.

BRETT, P. J., concurs in results.