Darryl L. GAINES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–518.

Court of Criminal Appeals of Oklahoma.

Aug. 10, 1981.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

Demetri Anastasiadis, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

## OPINION

BUSSEY, Judge:

From his conviction in the District Court of Oklahoma County, Case No. CRF–79–4384, of Rape in the First Degree, with punishment set at ten (10) years' imprisonment Darryl L. Gaines, hereinafter referred to as the defendant, appeals.

The defendant contends that the evidence adduced at the trial was wholly insufficient to support the verdict of the jury and that it was based on the uncorroborated testimony of the prosecutrix, whose testimony was inherently improbable. This assignment of error is patently frivolous.

The prosecutrix testified that on October 9, 1979, at approximately 11 p. m., she returned to her apartment complex from work. She parked her car in a parking space near her building, opened the car's door and was exiting, when she remembered that her gas tank was almost empty. She turned to see if the gas station near her apartment was still open, and, as she did so, she observed a man walk in front of her automobile. He was black, tall and thin, in his late teens or early twenties, with long unkempt hair. He was wearing a short battle jacket and jeans. The victim tried to shut the door but, before she could, the man stuck a gun in her face. She could clearly see the man's face because the area was well lit. As he held the gun to her head, the defendant said: "Shut your mouth up, bitch, or I'll blow your head off." He entered the car on the driver's side and pushed the victim to the floor. He then unlocked the passenger's door and let two other men into the car. One man got into the front seat and the other got into the

back. As the defendant started the car and began to drive, the other men pushed the prosecutrix into the back seat and tore off all of her clothes. The defendant handed the gun to one of the men in the back seat, who held it to the victim's head. She heard the men calling each other by their names, Darryl and Clifton or Clifford. The victim asked the men not to shoot her and pretended to black out. The men took turns having sex with her. After about thirty minutes, the assailants drove back to the prosecutrix's apartment complex. The men left her car, but returned quickly, and again one of them had sex with the victim. Shortly thereafter the trio departed. The victim waited until she thought her assailants would be out of sight and then proceeded to put on her coat and run into her apartment.

She called the police and was examined at a hospital. Evidence from her vaginal cavity was sealed and transported to the Oklahoma State Bureau of Investigation Laboratory, where it was analyzed and found to contain acid phosphatase, which is present when seminal fluid exists. The victim subsequently identified, from photographs, the man she first observed holding the gun to her head. The photograph she identified was of the defendant, Darryl L. Gaines.

█ In his own defense, the defendant stated that he was at home on October 9, watching T.V. with his mother and sister; however, neither woman testified on his behalf at trial. The defendant admitted knowing a Clifton Harrison, but testified that he was not with him on October 9, 1979. The defense counsel conceded, during closing argument, that "Miss W. was raped," but argued misidentification and alibi. Clearly the evidence was sufficient and not improbable, see *Holding v. State*, 568 P.2d 332 (Okl.Cr.1977); and the State presented a prima facie case. See *Hunt v. State*, 601 P.2d 464 (Okl.Cr.1979).

█ It is next contended that during closing argument the prosecutor committed two errors. It is complained that first, he commented on the defendant's failure to call his mother and sister as alibi witnesses,

and secondly he commented on evidence of another crime, to wit, burglary. With reference to the prosecutor's comment on the defendant's failure to call alibi witnesses, we have held that such comments are proper. See *Asberry v. State*, 564 P.2d 648 (Okl.Cr.1977) and *Wright v. State*, 531 P.2d 696 (Okl.Cr.1975). The alleged comment involving the commission of other crimes is not supported by the record, which reveals the following occurred:

MR. TAYLOR: If I break into your home, if I invade your castle, folks you all understand what that means.

MR. OLIVER: Your Honor, I object to him straying from this case. We are not talking about a burglary case. We are talking about a rape case.

THE COURT: All right. Keep it within the confines of the automobile.

MR. TAYLOR: Very well, Your Honor. If I personally attack you that is invasion upon your person. If I rape you that is invasion of the most private part of you.

It is clear from the foregoing that counsel only intended to call the jury's attention to facts testified to by the prosecutrix, the invasion of her person. This falls well within the purview of that wide scope of argument accorded both counsel for the State and the defense in closing argument.

For all of the foregoing reasons the judgment and sentence appealed from is AFFIRMED. We note that there is an apparent discrepancy in the judgment and sentence regarding the defendant's name, and the case is therefore remanded to the district court for a correction of the judgment and sentence.

BRETT, P. J., and CORNISH, J., concur.