Darrell Eugene ELLIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–99.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1982.

**1060**

Darrell Eugene Ellis, pro se brief for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Div., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

On June 26, 1979, at approximately 11:15 p. m., Stephen Stack was severely beaten and abducted from his home. He was taken in his own car to a rural location and shot once in the head and twice in the back chest area. Early the next morning a local farmer discovered Stack's body lying in the weeds next to his car.

Two spent .380 caliber projectiles were found embedded in the passenger door of Stack's automobile and a third projectile was recovered from a nearby dirt bank. Viet Nam era army boot impressions were discovered at the rural death scene and around the Stack residence.

After lengthy investigation, the appellant was placed under arrest on April 18, 1980, for the murder of Stephen Stack. A subsequent search of the appellant's home resulted in the finding of the murder weapon. The appellant was brought to trial where a jury found him guilty of Murder in the First Degree and fixed his punishment at life imprisonment in the state penitentiary.

## I.

The appellant first contends that the affidavit supporting the search warrant authorizing the search of his home, office and automobile is inadequate. The appellant first attacks the affidavit on grounds that the information contained therein was insufficient and stale. A review of the affidavit, however, clearly reveals that sufficient information was given to support a finding of probable cause that contraband was located at the places directed to be searched and that the information contained in the affidavit was not so stale as to be unreliable. *Bishop v. State,* 605 P.2d 260 (Okl.Cr.1979).

The record also reveals that the affiant put forth information which he appropriately had accepted as being true. Accordingly, we find that the appellant failed to establish by a preponderance of the evidence that the affiant knowingly and intentionally, or in reckless disregard for the truth, made a false statement in the affidavit which was necessary to establish probable cause. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The appellant's attack on the affidavit is found to be without merit.

## II.

The appellant next contends that articles of the deceased's clothing were improperly admitted into evidence at trial. In *Chaney v. State,* 612 P.2d 269, 278 (Okl.Cr.1980) this Court held:

Concerning the admissibility of clothing worn by a deceased, we have held that its introduction is appropriate if it tends to solve a factual issue, illustrate a material point or shed light on a matter from which a solution to the case may be

drawn, as well as to identify the victim and connect the accused with the crime.

■ The articles of blood-stained clothing at issue in the instant case are a pair of shoes, trousers, a shirt, belt and tie. The shoes show a recent and unusually rough wearing away of the shoe heels. The lower legs of the trousers show dirt marks and tears. Therefore, these items were properly admitted to prove that the victim was abducted from his home prior to his death.

■ This Court fails to see any probative value of the blood stained belt as to the resolution of the issues in this case. The shirt and tie were admitted into evidence to show that bullets had exited the deceased's body. There was no controversy, however, as to the location of the wounds or the fact that the wounds exited the deceased's body. The bloody shirt, tie and belt could have inflamed the jury's passions, and they simply corroborated other evidence concerning the bullet wounds. Corroboration is not in and of itself grounds for admitting items into evidence. The probative value of the items must be outweighed by the danger of prejudice to the defendant. Consequently, we find these three items should not have been allowed into evidence. *Brewer v. State,* 414 P.2d 559 (Okl.Cr.1966); *Martin v. State,* 67 Okl.Cr. 390, 94 P.2d 270 (1939). However, their admission into evidence was not reversible error.

### III.

■ The appellant contests the admission into evidence of several photographs. Three black and white photographs of the victim's body lying beside his automobile at the rural death scene, State's Exhibits 5 through 7, were admitted into evidence along with three color photographs of the interior of the deceased's automobile, State's Exhibits 13, 16 and 17. These pictures were an accurate depiction of the scene of the crime and were not unduly prejudicial. Accordingly, the trial judge did not abuse his discretion in admitting these photographs into evidence. *Riggle v. State,* 585 P.2d 1382 (Okl.Cr.1978); *Wofford v. State,* 581 P.2d 905 (Okl.Cr.1978).

■ The appellant next contests the admission into evidence of color photographs of blood-stained sofa cushions, State's Exhibits 49 through 51 and 53. These photographs depicted the den area of the Stack residence and evidenced the State's theory that a fight had occurred there prior to the abduction. These photographs were not gruesome. They were properly admitted into evidence. The close-up color photograph of the victim's head, State's Exhibit 43, revealed gunpowder which surrounded the entry bullet wound to the left temple. This was probative of the range from which the weapon was fired. Before admitting the exhibit into evidence, the trial judge had the photograph cropped in order to avoid any unfair prejudice to the appellant. We find that, under these circumstances, the trial judge did not abuse his discretion in admitting this photograph. *Holloway v. State,* 602 P.2d 218 (Okl.Cr. 1979).

### IV.

■ The appellant contends that correspondence between him and the victim's wife should not have been admitted into evidence. These letters, however, revealed that the appellant and Mrs. Stack had been having an affair for quite some time. Additionally, they shed light on the seriousness and depth of the affair. The correspondence, therefore, was admissible as evidencing the appellant's alleged motive for the murder. *Brewer v. State,* 414 P.2d 559 (Okl.Cr.1966). This assignment of error accordingly is found to be without merit.

### V.

■ The appellant asserts there was insufficient evidence of first degree murder to support his conviction. This Court finds the evidence was sufficient and not improbable. *Gaines v. State,* 632 P.2d 1242 (Okl. Cr.App.1981). In *Davis v. State,* 634 P.2d 752 (Okl.Cr.App.1981) we stated:

This Court has frequently enunciated the principle that the jury is the exclusive judge of the evidence and credibility of

the witnesses. Where there is a conflict in the evidence, or the evidence is such that different inferences may be drawn, the jury's verdict will not be disturbed on the ground that the evidence is insufficient to sustain the verdict where there is competent evidence in the record. *Mayberry v. State,* 603 P.2d 1150 (Okl.Cr. 1979).

There was competent evidence in the instant case on which the jury could base their verdict, and that verdict will not be disturbed on appeal.

### VI.

■ The appellant finds error in certain comments by the prosecutor during closing argument. We have repeatedly held that an admonition by the trial court normally will cure objectionable remarks of counsel. Therefore, counsel must object to the comment and, if his objection is sustained, request such an admonition to give the trial court the opportunity to cure any errors. Absent this effort by trial counsel, this Court will not review the comments for anything other than fundamental error. Defense counsel did not object to many of the comments which are now challenged on appeal. Finding no fundamental error in any of these unobjected to comments, we will not reverse on this basis. *Kemp v. State,* 632 P.2d 1239 (Okl.Cr.App.1981).

One comment was objected to and an admonition was given. We have reviewed this comment and find that the admonition given cured the error. The objection to another comment was overruled, which ruling was not an abuse of discretion.

■ The appellant also contends error occurred when a comment of the prosecutor made during opening statement was not borne out by the evidence. Error cannot be predicated upon the opening statement of a prosecutor on this basis unless such unsupported portions of the opening statement were made in bad faith and were manifestly prejudicial. After a careful consideration of the record before us, we are of the opinion that this statement was not such as to constitute bad faith or prejudicial

error. *Carson v. State,* 529 P.2d 499 (Okl. Cr.1974).

### VII.

■ The appellant complains that the prosecutor asked improper questions of both the appellant and a defense witness during cross-examination. The defense, however, failed to object and ask for an admonition when the contested question was asked of the appellant. We find that an admonition would have cured any error. Thus this contention has not been properly preserved. *Tahdooahnippah v. State,* 610 P.2d 808 (Okl. Cr.1980).

■ After reviewing the cross-examination of the defense witness, which the appellant objected to at trial and is now contesting, we find that the trial court properly sustained the objection. The questioning left the jury with an unfair inference that the appellant appeared at the courthouse on a previous occasion smoking a cigar, wearing a gun, holster and hat all in an effort to appear like Clint Eastwood. The witness who was being questioned about this incident had no knowledge of the circumstances surrounding it and thus the appellant was left in the unfair position of having no opportunity to correct this inference. Such tactics by either side are improper. *Fry v. State,* 91 Okl.Cr.App. 326, 218 P.2d 643 (1950).

■ This questioning, although not condoned, alone does not warrant reversal in the instant case, as we find the minds of any average juror would not have found the State's case significantly less persuasive if such question had not been asked at trial. *Brown v. State,* 563 P.2d 1182 (Okl.Cr.1977).

■ The appellant contests the admission into evidence of two stolen guns, State's Exhibits 63 and 64. The appellant alleged that these guns were received by him at the same time he came into possession of the murder weapon. Specifically, the appellant contends that he purchased the murder weapon several months after the Stack murder from a masked man on a

golf course and at that time was also given the two stolen guns. In order to impeach the appellant's alibi, the State introduced evidence which inferred that this was not the way the appellant gained possession of the two guns. This evidence was introduced in an effort to give the jury a full understanding of the entire transaction and were admissible. *Dixon v. State,* 560 P.2d 204 (Okl.Cr.1977).

■ The appellant also contests the admission of State's Exhibit 96, which was a note he had written to a friend concerning the possession of the three guns. This exhibit was relevant to the appellant's alibi, and, additionally, it was evidence that he had knowingly concealed stolen property. This, as well as having the appellant read to the jury the statute forbidding the concealment of stolen property, impeached the appellant's contention that he did not destroy the murder weapon as that would have been illegal. The above assignments of error are accordingly found to be without merit. *Cummings v. State,* 578 P.2d 377 (Okl.Cr.1978).

## IX.

The appellant next assigns error to the prosecutor's conduct during closing argument to the first stage of trial. The conduct which the appellant finds objectionable involves the manner in which the prosecutor displayed the trousers and shoes the deceased was wearing at the time of death. The prosecutor laid the trousers over a chair positioned directly in front of the jury. The trousers were draped across the chair in such a way as to give the illusion that someone was sitting in the chair. This illusion was heightened by the placement of the victim's shoes on the floor directly below the trouser legs where a person's feet normally would be resting. When the prosecutor's attempt to reconstruct the image of the victim sitting in front of the jury became evident, the defense counsel objected and the trial judge admonished the prosecutor to discontinue this presentation and to arrange the shoes and trousers so that the jury would not be confronted with such

an image. The prosecutor, however, simply placed the shoes on the chair seat and did not disturb the arrangement of the trousers.

■ This Court recognizes that argument by counsel in a criminal proceeding contemplates reasonable deductions and inferences drawn from the evidence and includes the use of acceptable exhibits. *Collins v. State,* 561 P.2d 1373 (Okl.Cr.1977). In the instant case, however, the illustration used by the prosecutor served no useful or explanatory purpose but rather only served to inflame the jury's emotions. However, as this conduct occurred during the first stage of trial and involved only the trousers and shoes, we find the jury would not find the case significantly less persuasive if a new trial were granted in which this demonstration would be omitted. Accordingly, we condemn this action, but do not find it to be reversible error in the instant case.

## X.

■ The appellant contends that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To determine whether or not the prosecutor was in the possession of such evidence, it is necessary to examine the testimony presented at the hearing on the motion for new trial. The O. S. B. I. Agent testified that he had informed the district attorney's office that the victim had reportedly been in an altercation with two men on the day of his death. The officer testified that the witness of this altercation stated that neither of the two men seen with the victim was the appellant. Both district attorneys testified, however, that they did not recall such details as to positiveness of the identification of the victim nor were they aware of the ability of the witness to definitely eliminate the appellant as one of the other two men involved in the altercation. The O. S. B. I. Agent also testified that the information pertaining to the witness who reported the altercation was in one of his reports, and that a copy of his reports was

provided defense counsel. We therefore resolve that appellant was not denied exculpatory information.

## XI.

██ The trial judge conducted an evidentiary hearing on the appellant's motion for a new trial. The O. S. B. I. Agent testified, as did the district attorney and his assistant. Then both attorneys for the defense testified concerning what they knew about the new evidence they learned of that morning. After all the witnesses testified, the trial court inquired of appellant and his counsel, if he desired to have Chuck Yelerton, the witness who observed the alleged altercation, to be subpoenaed in order to testify at that hearing. A brief recess was taken and defense counsel informed the court that the appellant did not consider the subpoena was necessary. At the conclusion of the hearing, the motion for new trial on newly discovered evidence was denied.

After considering the record before this Court, we find that the trial court did not abuse his discretion in denying the motion. It is apparent from the record that the trial judge was not convinced that the evidence was sufficient to warrant a new trial, considering all that had been produced at trial. Therefore, this assignment of error is without merit. *Bias v. State,* 561 P.2d 523 (Okl. Cr.1977).

Finding no error sufficient to warrant reversal, this conviction is AFFIRMED.

BUSSEY, J., specially concurs.

CORNISH, J., concurs in results.

BUSSEY, Judge, specially concurring:

I am of the opinion that the admission into evidence of the shirt and tie complained of in defendant's Assignment of Error II had probative value and was properly admitted into evidence, and finding the record free of any error which would justify a modification or reversal, I concur in the affirmance of the judgment and sentence.