Leona Lee WILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–307.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1983.

Rehearing Denied Oct. 6, 1983.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Leona Lee Wilson, was convicted of Murder in the Second Degree, in Cherokee County District Court, Case No. CRF–81–30, was sentenced to fifty (50) years' imprisonment, and she appeals.

Although the appellant raises numerous assignments of error on appeal, the general language utilized in her motion for new trial[1] is insufficient to place the trial judge on notice of the errors now complained of, and failed to allow him an opportunity to cure the alleged errors; thus, the errors complained of have not been properly preserved for review on appeal. See, *Nutter v. State,* 658 P.2d 492 (Okl.Cr. 1983); *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982), and cases cited therein. We

---

1. The motion for new trial was as follows:
MOTION FOR NEW TRIAL
COMES now the defendant, Leona Lee Wilson, and moves for a new trial for the reason that the verdict of the Trial Court was contrary to the evidence and the law presented.

again emphasize that it is incumbent upon counsel for the defense to specifically state the reasons underlying the motion for new trial to properly preserve the error(s) for appellate review. Accordingly, we will address only appellant's allegation that the evidence was insufficient to sustain a conviction for second degree murder.[2]

On March 25, 1981, the appellant and Christopher Koch, ran away from their respective homes. At this time, both were enrolled in high school and were under eighteen (18) years of age. When they left, they took clothing, food, camping equipment, and a rifle belonging to Koch's father.

Wilson and Koch spent several weeks camping near the Illinois River. On April 7, 1981, Guy Pierce Barber went to the river to fish. While fishing, he was shot once through the head, dying instantly. The appellant and Koch were arrested for the murder on the following day.

The two cases were severed, and Koch was tried first; he was convicted of Murder in the First Degree and received a life sentence. At the appellant's trial, he testified that the motive behind the murder was that they wished to steal a car so that they could go to Colorado. He further testified that the appellant had instructed him to shoot someone if necessary to facilitate the larceny. The appellant denied giving any such orders.

■ When the sufficiency of the evidence presented at trial is challenged on appeal, the proper test is whether a prima facie case has been established. If that test is satisfied, then all questions of fact are for the jury to resolve. *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980). Moreover, this Court has held repeatedly that it is the exclusive province of the jury to weigh the evidence and determine the facts, and that we will not interfere with the verdict even if the evidence is conflicting. See, *Baldwin v. State,* 596 P.2d 1269 (Okl.Cr.1979), and cases cited therein.

■ The record before us reveals that the State's evidence basically consisted of expert medical testimony that the victim died as a result of a single bullet fired by a high-power rifle; testimony of several witnesses placing the appellant near the crime scene; incriminating statements made by the appellant to the sheriff and to a cellmate; and the testimony of her accomplice. We find that the State presented sufficient evidence to support the jury's verdict. This assignment of error is without merit.

In light of the above and foregoing, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.

APPENDIX

We have reviewed the record for fundamental error, and find that no errors requiring reversal or modification exist.

A) Appellant first argues that the evidence presented at the preliminary hearing was insufficient to allow the magistrate to bind her over for trial. At a preliminary hearing, the State has to prove that a crime has been committed, and that there is probable cause that the accused committed the crime. *Davis v. State,* 640 P.2d 573 (Okl.Cr. 1982). If there is competent evidence from which the magistrate can conclude that such probable cause exists, this Court will not reverse that decision on appeal. *Shriver v. State,* 632 P.2d 420 (Okl.Cr.1980). The record reveals that the State presented sufficient evidence at the preliminary hearing to establish probable cause.

B) In her second, fourth, and seventh assignments of error, the appellant attacks on various grounds the instructions given to the jury by the trial court. We note, however, that at trial, the appellant's counsel stated that he neither objected to the instructions nor did he have any additional instructions to offer to the trial court. Failure to interpose an objection to the instructions constitutes a waiver of any error(s). *Maghe [Marshall] v. State,* 620 P.2d

2. See Appendix.

443 (Okl.Cr.1980). Moreover, the Court has held previously that:

[We will] not condone actions of defense counsel in 'laying behind a log,' not objecting or offering any instructions, and then raising it for the first time on appeal. *Myers v. State,* 480 P.2d 950 (Okl. Cr.1970).

We therefore find these assignments of error to be without merit.

C) In her fifth assignment of error, the appellant argues that the State failed to present sufficient independent evidence of the corpus delecti prior to the admission of her extra-judicial statement.

As we stated in *Jones v. State,* 555 P.2d 63 (Okl.Cr.1976), and the cases cited therein, corroborative evidence need not, independent of a confession, be sufficient to establish the corpus delecti beyond a reasonable doubt. Once substantial evidence of the corpus delecti is introduced, a defendant's confession is admissible, if together they provide a basis for a finding of both the corpus delecti and the defendant's guilt beyond a reasonable doubt. In the instant case, the record reveals that the evidence was sufficient to allow the introduction of the appellant's statement. See also, *Smith v. State,* 659 P.2d 330 (Okl.Cr.1983).

D) The appellant argues next that the evidence was also insufficient to corroborate her accomplice's testimony. The rule in Oklahoma is that if one material fact of an accomplice's testimony is corroborated by independent evidence, the jury is free to infer the general truthfulness of the witness. *Jemison v. State,* 633 P.2d 753 (Okl. Cr.1981). As the record reveals more than ample corroboration, we find this assignment of error to be without merit.

E) In her eighth assignment of error, the appellant contends that comments made during closing arguments by the prosecutor were improper, thereby denying her a fair trial. We note first that the comments complained of were not objected to at trial. Failure to object to an improper remark made during closing arguments constitutes a waiver of any error(s). *Tahdooahnippah v. State,* 610 P.2d 808 (Okl.Cr.1980).

Secondly, the record reveals that said comments were made in response to the closing statement of the defense. We therefore hold that the prosecutor's comments do not constitute fundamental error. See, *Ziegler v. State,* 610 P.2d 251 (Okl.Cr.1980); *Gaines v. State,* 632 P.2d 1242 (Okl.Cr.1981), and cases cited therein.

F) The appellant's ninth assignment of error is that the sentence imposed by the jury was excessive. This Court has held consistently that the jury's sentence will not be modified on appeal unless under the facts and circumstances of the case, the sentence is so excessive as to shock the conscience of the Court. *Hill v. State,* 550 P.2d 1356 (Okl.Cr.1976). As the State's evidence showed a senseless murder of a seventy-one year old man, and as the sentence is well within the statutory framework, we cannot say that it is excessive.

G) The appellant's tenth and eleventh assignments of error challenge her certification as an adult as both improper and unconstitutional. A review of the magistrate's findings reveals substantial compliance with the reverse-certification procedure set forth at 10 O.S.1981, § 1104.2. Additionally, in light of our previous decisions on the constitutionality of said procedure, we find these assignments of error to be frivolous. See, *State Ex Rel. Coats v. Rakestraw,* 610 P.2d 256 (Okl.Cr.1980).