David Lee HINES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–639.

Court of Criminal Appeals of Oklahoma.

July 5, 1984.

Larry A. Gullekson, Frasier, Frasier & Gullekson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, David Lee Hines, was convicted of Feloniously Controlling Firearms, pursuant to 21 O.S.1981, § 1283, in the District Court of Washington County, Case No. CRF–81–354. Punishment was set at six (6) years' imprisonment.

Based on information that the appellant might have possession of a shotgun allegedly used in a murder, the Sheriff's department in Washington County obtained a warrant to search the appellant's residence and pickup. Between 7:00 P.M. and 7:30 P.M. on November 25, 1981, Washington County Sheriff's Department investigator Ron Revard, Sheriff Glenn Codding and a probation officer arrived at the appellant's house to serve the warrant. The object of the warrant was not found during the search; however, investigator Revard did observe a fully loaded .44 magnum revolver in a holster in the master bedroom. Upon seizing the weapon, Revard placed the appellant under arrest for feloniously possessing a firearm as he knew of the appellant's prior felony convictions. Sheriff Codding then advised the appellant of his *Miranda* rights. Two other pistols were also discovered in a dresser drawer located in the bedroom. The appellant stated, at the time, that the pistols belonged to a friend. At trial, the appellant testified that all three weapons belonged to his wife.

■ The appellant's first two assignments of error concern the validity of the search warrant. In his first assignment of error, the appellant contends that since the information contained within the affidavit supporting the search warrant was insufficient and stale, the trial court erred in failing to suppress the search warrant and all evidence obtained with that warrant. A careful review of the affidavit, however, reveals that sufficient information was given to support a finding of probable cause that the shotgun was located at the appellant's house and that the information was not so stale as to be unreliable. *See Ellis v. State*, 651 P.2d 1057 (Okl.Cr.1982); *Bishop v. State*, 605 P.2d 260 (Okl.Cr.1979).

■ The appellant also alleges that the affidavit contained false statements necessary to establish probable cause and, therefore, the search warrant should have been voided and the fruits of the search excluded. The record, however, reveals that the affiant put forth information which he had appropriately accepted as being true. Since the appellant failed to establish by a preponderance of the evidence that the affiant knowingly and intentionally, or in reckless disregard for the truth, made a false statement in the affidavit, this assignment of error is without merit. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

■ In his second assignment of error, the appellant argues that the trial court's failure to suppress the evidence obtained under the search warrant resulted in further error. The appellant contends that even if the warrant were valid, the search and seizure exceeded the authority of the warrant. As the warrant clearly authorized the officers to look for ammunition as well as the shotgun, the officers did not exceed the warrant's authority. Thus, there was no error.

■ The appellant further argues that the officers' testimony regarding oral statements made by the appellant at the time of the arrest should also have been suppressed. Since the warrant was valid, neither the physical evidence nor the oral evidence can be suppressed as tainted

fruits of a defective warrant. *See Gragg v. State*, 66 Okl.Cr. 200, 90 P.2d 680 (1939). Furthermore, the statements were volunteered by the appellant after receiving a *Miranda* warning. Thus, the trial court did not err in allowing the officers to testify. *See Davis v. State*, 524 P.2d 46 (Okl. Cr.1974).

In his third assignment of error, the appellant asserts that the trial court erred by refusing to allow a bifurcated proceeding. Although a two-stage proceeding is generally required in a trial for controlling a firearm after having been convicted of a felony, we held in *Marr v. State*, 513 P.2d 324 (Okl.Cr.1973) that there is an exception to the rule. When the acts of the accused constitute no crime except by virtue of the fact that he has previously been convicted of a felony, the trial court cannot bifurcate the trial, asking the jury to find, in the first stage, the accused guilty of an act which is not in itself a crime. When the previous conviction of a felony is a necessary element of the crime charged, it should be pleaded and proved during the State's case in chief in a one-stage proceeding. In the instant case, a one-stage trial was mandated because the jury could not have found, without the knowledge that the defendant was a felon, that he was guilty of violating a state statute. The trial court did not, therefore, err by refusing to grant a bifurcated proceeding.

Next, the appellant contends the trial court erred by allowing the State to cross-examine a witness regarding her failure to come forward and claim ownership of the guns. However, the appellant fails to cite any relevant authority in order to support his contention. In *Dick v. State*, 596 P.2d 1265, 1268 (Okl.Cr.1979), this Court stated that it will not "[s]earch for authority to clothe the defendant's naked assertions of error." Furthermore, the record indicated that the appellant objected neither to the cross-examination nor to the prosecutor's references to the witness' testimony during closing argument. "The failure to object to evidence admitted at trial is a waiver of any error that such admission might have constituted." *Johnson v. State*, 611 P.2d 1137, 1145 (Okl.Cr. 1980), cert. denied, 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981).

In his fifth assignment of error, the appellant contends that the trial court failed to give sufficient instructions to the jury regarding the definition of "[t]o have in his possession or under his immediate control" from 21 O.S.1981, § 1283. A review of the record shows that the appellant neither objected to the instructions at trial nor submitted requested instructions. This Court has consistently held that when the instructions given adequately cover the subject matter, failure to object or submit alternative instructions results in a waiver of any error. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). This assignment of error is without merit.

The appellant next argues that the trial court erred by allowing his probation officer to testify as he was entitled to a bifurcated proceeding. However, since a bifurcated trial was not warranted in this case, the trial court did not err by allowing the probation officer to testify.

Next, the appellant asserts that the trial court erred in admitting State's Exhibit # 3, a .25 caliber pistol. Specifically, the appellant objects to the admission of that pistol because he did not violate state law by possessing it since it was incapable of discharging a projectile. The record reveals, however, that the State introduced two other pistols which were capable of discharging a projectile. Thus, even if it was error to admit the .25 caliber pistol, it was harmless error.

The appellant's final assignment of error is that the jury's assessment of punishment was prejudiced by the following prosecutorial comments during closing argument:

The statute provides punishment somewhere [sic] between the range of one and ten years. What do you think the legislature had in mind when they put that language. Do you think they intended

that a burglar, someone who stole something from a store, someone that wrote a hot check be treated the same way as a person who's committed a serious and a violent crime? And that's what we have and I won't dwell on it. But you know what shooting with intent to kill involves and what it means. Consider whether guns like this, whether there should be a higher standard for a person that has been convicted of shooting with intent to kill than someone for burglary or another crime. Please consider those things. When you consider that, I'd ask that applying the evidence, not only you find the defendant guilty of the crime, but I recommend that you assess his punishment to the penitentiary for a term of nine years. (Tr. 375–376.)

We agree that this was an improper comment. The jury must be allowed to reach an impartial verdict based on the evidence presented. In light of the evidence introduced at trial, we do not find that this comment affected the jury's determination of guilt, but it may have prejudiced the jury's assessment of punishment. For the above and foregoing reasons, the sentence of the trial court is hereby MODIFIED to four (4) years' imprisonment and the judgment is AFFIRMED.

BUSSEY, P.J., and PARKS, J., concur.